UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARDEN WELLS

VERSUS

DANIEL EDWARDS, SHERIFF OF
TANGIPAHOA PARISH, ET AL

CIVIL ACTION

NO. 11-676-BAJ-DLD

# RULING

This matter is before the Court on a motion by plaintiff, Arden Wells, for a temporary restraining order (doc. 1). Plaintiff seeks an order of this Court to have his name placed back on the October 22, 2011, primary election ballot for Sheriff of Tangipahoa Parish.

According to the complaint, plaintiff executed a notice of candidacy on September 6, 2011. Ten days later, however, he was served with a citation, a petition to disqualify him, a subpoena for records over the past ten years and a summons to appear at the 21st Judicial District Court for the Parish of Tangipahoa on September 19, 2011. Plaintiff further alleges that, as a result of illegally obtained evidence, he was coerced into executing a Notice of Withdrawal.

Plaintiff asserts that the state action was the result of conspiracy which included attorneys Glen Galbraith, Jay Seale, Richard Schwartz, and Tangipahoa Parish Sheriff Daniel Edwards. Plaintiff has also asserted claims against: "Cynthia Bridges, Secretary of the Louisiana Department of Revenue, conducting business

in her official capacity"; "Krissy A. Thomas, Executive Assistant to Cynthia Bridges, conducting business in her official capacity"; John Bel Edwards "Representative for Legislative District 72 of the State of Louisiana . . . and brother of Sheriff Daniel Edwards"; Jerome M. Winsberg, "who is appointed to sit as Judge Ad Hoc by the Louisiana Supreme Court," and who presided over the state court action at issue; and Tom Schedler, the Secretary of State for the State of Louisiana "conducting business in his official capacity." (*Id.* at ¶3).

The complaint alleges that defendant, Glen Galbraith, "acting on behalf of Daniel Edwards . . . conspired with Jay Seale to illegally obtain and divulge the Complainant's tax information in violation of the laws of the State of Louisiana." (*Id.*). According to the complaint, Galbraith filed the state court action in the name of defendant, Richard Schwartz, who served as a "'straw man' for Sheriff Daniel Edwards, . . . the real person instigating the suit." (*Id.* at ¶6).

Plaintiff alleges that after all of the judges of the 21st Judicial District Court recused themselves without stating just cause, Judge Jerome M. Winsberg adjudicated the matter as Judge Ad Hoc.[1] Complainant further alleges that Judge Winsberg improperly admitted into evidence an email that was provided to

---

[1]Plaintiff asserts that, in 2006, after Judge Winsberg sat as judge in the 21st Judicial District Court in a matter captioned, *State of Louisiana v. Arden Wells*, No. 111568, plaintiff filed an action in the United States District Court for the Eastern District of Louisiana, entitled *Arden Wells v. Scott Perrilloux, et al.*, Civil Action No. 06-10731, in which he sought a permanent injunction to prevent Judge Winsberg from "ever sitting on any case in which he was a party." *(Id.* at ¶9).

defendant, Jay Seale, by defendant, Krissy Thomas, in violation of LSA–R.S. §47:1508. Plaintiff further asserts that the document was inadmissible hearsay and that it was admitted without foundation or proper authentication. The document indicated that Arden Wells had not filed a state income tax return in the past five years. (*Id.* at ¶9). According to plaintiff, the email communication was initiated by defendant, John Bel Edwards, "acting under color of state law." (*Id.* at ¶12).

Plaintiff notes that the qualifying form he'd signed requires a candidate to state that "for each of the previous five years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both." (*Id.* at 13). Plaintiff alleges that, faced with the improper admission of the email into evidence, he executed a Notice of Withdrawal which was subsequently filed by Galbraith into the records of the Secretary of State (*Id.* at ¶11).[2]

Plaintiff asserts that his withdrawal from the race was involuntary and coerced by several of the plaintiffs. (*Id.* at ¶16). He seeks, in addition to the temporary restraining order, a hearing, a permanent injunction, an injunction preventing Judge Winsberg from participating in his official capacity in any case in which plaintiff is a

---

[2] Plaintiff alleges that, at the time he signed the qualifying form, he was unaware of the provision because it was written in "fine print" and he was not wearing his reading glasses when he proofread the form (*Id.* at ¶ 13).

party or an attorney, damages for, *inter alia*, defamation, mental anguish, emotional distress, damage to his reputation embarrassment, humiliation, and punitive damages.  (*Id.* at 16, 19).

"Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974).  "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."  *Holland Am. Ins Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Turning to the first element of plaintiff's burden, the Court notes that plaintiff seeks to have a federal district court review a state court's evidentiary decisions and interpretations of state law.  In addition to the jurisdictional concerns raised by those issues, plaintiff also seeks to have a Notice of Withdrawal, executed by a

4

sophisticated party, declared void for lack of consent.[3] Though plaintiff states that he signed the Notice of Withdrawal in order to prevent an adverse judgment in the state court proceeding (doc. 1, ¶11), the Court notes that plaintiff would have had an opportunity to seek state court appellate review of such an adverse judgment had he not chosen to execute the Notice of Withdrawal.

For the foregoing reasons, the Court concludes that plaintiff has failed to meet his burden, for purposes of the motion for a temporary restraining order, of establishing a substantial likelihood that he will prevail on the merits.

## CONCLUSION

Accordingly, the motion by plaintiff, Arden Wells, for a temporary restraining order is **DENIED**.

Baton Rouge, Louisiana, October 5, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3]Plaintiff's answer to the state court petition notes that he was a licensed attorney practicing law in Louisiana until his license was suspended on November 7, 2007 (doc. 1-1, p. 14, ¶13).

5